Ellen WILLIAMSON, Relator,

v.

Honorable Jack O'NEILL, Respondent.

No. A14–85–459–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 18, 1985.

Thomas N. Thurlow of Thomas N. Thurlow & Associates, Houston, for relator.

William A. Sherwood of Cook, Davis & McFall, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

This is an original Writ of Mandamus wherein Relator seeks to compel discovery in a lawsuit involving personal injury arising from an auto-truck accident. We believe the Writ should be conditionally granted.

Relator is the plaintiff in a lawsuit pending in the 152nd District Court of Harris County, Texas. The plaintiff suffered personal injury when her automobile was struck by a loaded twenty-foot trailer that had become disconnected from its tractor. During pre-trial discovery, plaintiff took the deposition of Andrew Whitehead, co-defendant and driver of the tractor-trailer. Mr. Whitehead was asked, "What is your opinion as to the reason for the trailer to leave the truck and hit the vehicle?" On instruction of his attorney, Mr. Whitehead refused to answer the question. Relator certified the question, then filed a Motion for Sanctions, seeking to persuade the trial court to compel Mr. Whitehead to answer the question. Upon the trial court's refusal to compel an answer to the question, Relator filed this original Writ of Mandamus.

Relator contends the action of the trial court was a clear abuse of discretion and an improper restriction on her scope of discovery as defined by Rule 166b of the Texas Rules of Civil Procedure, which provides in pertinent part:

(2)(a) Parties may obtain discovery regarding any matter which is relevant to the subject matter in the pending action whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence....

Tex.R.Civ.P. 166b. Relator further relies on Rule 701 of the Texas Rules of Evidence, which permits a lay witness to give opinion testimony when it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

Respondent-defendants argue that Relator is on a "fishing expedition" and that Mr. Whitehead has no knowledge of the cause of the separation of the tractor-trailer because of his answer to a prior question. Mr. Whitehead was asked, "How do you explain the fact that the trailer left where it was and wound up where it was?" He answered, "I have no explanation." They further argue that Mr. Whitehead is not an expert and therefore should not be compelled to offer "opinions" and that as a lay witness his testimony should be limited to facts. We disagree.

Mr. Whitehead has driven tractor-trailer rigs for twelve years. He is uniquely qualified as the experienced driver of the rig involved in the accident to offer an opinion as to the reason the trailer separated from the tractor. If he does not know for certain the cause of the separation, he may not be able to "explain" the occurrence; however, his *opinion* could be reasonably calculated to lead to the discovery of the cause and other admissible evidence. Tex.R.Civ.P. 166b (2)(a). His opinion falls squarely within Rule 701 of the Rules of Evidence because it would be rationally based on the perceptions of a party to the accident, and it would help determine a fact issue, *i.e.*, causation.

One purpose of pre-trial discovery is to determine what position an adverse party will take on issues involved in the cause of action. Not only does this practice prevent surprise at time of trial, but it also affords the litigants an opportunity to impeach the adverse party with any prior inconsistent statements. Tex.R.Civ.P. 182. Certainly Relator is entitled to know, prior to trial, the opinion of the adverse party-defendant as to the cause of the separation of the trailer. Further, such opinion testimony is not objectionable merely because it embraces an ultimate issue to be determined by the trier of fact. Tex.R.Evid. 704.

This Court is concerned that matters as simple as reasonable pre-trial discovery should reach this level of the appellate process by reason of a Writ of Mandamus. The ultimate purpose of discovery is to reach the truth and be able to present the truth to the trier of fact. When parties abuse the process by hiding the truth or refusing to answer questions designed to discover the truth, they disrupt our system of jurisprudence and unnecessarily clog our appellate courts. This matter should have been resolved at the deposition table. Defendant's attorney argues that Mr. Whitehead has no opinion, yet refused to allow him to say that under oath. If he has an opinion as to the cause of the separation of the trailer, it would be based on knowledge that is special to him as the tractor operator. Further, such knowledge of facts or circumstances is unknown to Relator and is discoverable. To refuse to compel Mr. Whitehead to answer such a question is an abuse of discretion. *See Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984), for a more complete discussion of this issue.

We conditionally grant the Writ of Mandamus. Writ of Mandamus will issue in the event the Honorable Jack O'Neill fails to require the party to answer the question as certified.